## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

**DONALD LYNN HUDSON, JR.,**

      *Plaintiff,*

**v.**

**MACON COUNTY JAIL,**

      *Defendant.*

**CIVIL ACTION NO.
5:21-cv-00372-TES-CHW**

## ORDER DISMISSING COMPLAINT

Plaintiff Donald Lynn Hudson, Jr., has filed a Complaint seeking relief under 42 U.S.C § 1983 on behalf of himself and a number of other inmates in the Macon County Jail in Oglethorpe, Georgia.[1] [Doc. 1]. None of these potential Plaintiffs have paid the $402.00 filing fee for such a complaint or a filed motion for leave to proceed *in forma pauperis* in this action.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for the Court's filing fee. 28 U.S.C. § 1915(b). Additionally, the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit

---

[1] Although Plaintiff addressed his envelope with a private address outside of the jail, he indicates in his pleading that he is currently being held in the Macon County Jail.

and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee"). As the Eleventh Circuit noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress' purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197–98.

Plaintiffs, therefore, may not proceed in an action together *in forma pauperis*. As it does not appear from the applicable statutes of limitations would bar Plaintiffs' claims if they must be refiled, the Court now **DISMISSES** the Complaint **without prejudice** in its entirety. Each Plaintiff, including Hudson, may file a separate complaint, in which he asserts only claims personal to him, if he chooses to do so. Each Plaintiff must also either pay the filing fee or submit a proper and complete motion to proceed *in forma pauperis* with his individual complaint.

Further, to the extent that Plaintiff Hudson seeks to bring these claims as a class action, a *pro se* plaintiff may not represent the interest of other prisoners. *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents a *pro se* Plaintiff, like Plaintiff Hudson, from representing some or all of the other inmates who are named as Plaintiffs in this case. *See Massimo v.*

2

*Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of a prisoner's complaint that sought relief on behalf of the prisoner's fellow inmates).[2]

Thus, for the reasons previously stated, this action is **DISMISSED** in its entirety **without prejudice**.

**SO ORDERED**, this 6th day of December, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.